UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARMANPREET S.,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-00271 TLN AC<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, a former federal immigration detainee proceeding with counsel, filed this petition for habeas corpus action pursuant to 28 U.S.C. § 2241 while he was detained by the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 1. After the Honorable Troy L. Nunley granted petitioner's motion for a preliminary injunction and ordered respondents to release petitioner from custody subject to conditions in January 2026 (ECF No. 10), this action was referred to the undersigned by Chief Judge Nunley and operation of Local Rule 302 and 28 U.S.C. § 636(b)(1). Respondents filed a motion to dismiss the petition as moot. ECF No. 13. For the reasons discussed below, the undersigned recommends that the motion to dismiss (ECF No. 13) be DENIED, that the habeas petition (ECF No. 1) be GRANTED, and the injunctive relief preliminarily granted by the court become permanent.

////

## I. Factual and Procedural Background

Petitioner is a citizen of India who fled his country and came to the United States in 2024 to escape persecution. ECF No. 2 at 7. He entered the United States in June 2024 and sought asylum from immigration authorities. Id. On June 2, 2024, he was issued a Notice to Appear charging him as removable pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act as an alien present in the United States without being admitted or paroled. ECF No. 2-3 at 3. Petitioner was released from immigration custody approximately two days later, on his own recognizance, to pursue his asylum claim. ECF No. 2-3 at 4. According to the Executive Office for Immigration Review's ("EOIR") Automated Case Information webpage, available at https://acis.eoir.justice.gov/en/ (last visited October 1, 2026), petitioner's asylum application and removal proceedings are still pending.[1]

On December 15, 2025, ICE officers detained petitioner after he arrived early for a routine ICE appointment. ECF No. 1 at 3. Petitioner was not given any notice, reason, or explanation for his arrest, or an opportunity to be heard either pre- or post-detention. Id. at 3. Respondents do not allege that petitioner violated any of his conditions of release, and petitioner has no criminal history. ECF Nos. 9, 16.

Petitioner filed the instant habeas petition on January 13, 2026 (ECF No. 1), along with a motion for temporary restraining order asserting the same claims (ECF No. 2). The petition alleges that petitioner's detention without a pre-deprivation hearing violates his substantive and procedural due process rights under the Fifth Amendment Due Process Clause. ECF No. 1 at 15-17. By way of relief, petitioner seeks a declaration that his detention violates the Fifth Amendment Due Process Clause, release from immigration custody, Equal Access to Justice Act ("EAJA") fees and costs, and any other relief deemed just and proper. Id. at 18.

On January 14, 2026, Chief Judge Nunley ordered a response to petitioner's motion for temporary restraining order, and directed respondents to indicate whether they opposed

---

[1] See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

converting the motion for temporary restraining order into a motion for preliminary injunction. ECF No. 6.

Respondents filed an opposition brief on January 16, 2026, which indicated respondents did not oppose conversion of the motion for temporary restraining order to a motion for preliminary injunctive relief. ECF No. 9. However, respondents contended that petitioner is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2) while acknowledging "respondents have no additional legal arguments nor new case law to persuade this Court to reconsider its position [in] Ayala Cajina v. Wofford."[2] Id. at 2. Respondents also emphasized that the Ninth Circuit was scheduled to "address the application of 8 U.S.C. § 1225(b)(2) in Rodriguez v. Bostock, 9th Cir. No. 25-6842, an appeal that is scheduled for oral argument in March 2026" that was likely to have precedential effect on this case. Id.

By Order dated January 16, 2026, Chief Judge Nunley granted petitioner's motion for preliminary injunction and ordered respondents to immediately release him from custody under the same conditions he was subject to prior to his detention. ECF No. 10. Specifically, Chief Judge Nunley found that petitioner was likely to succeed on the merits of his procedural due process claim, as respondents are required to provide notice and a pre-deprivation hearing.[3] Id. at 7. Because irreparable harm would result in the absence of a preliminary injunction, and the balance of hardships and public interest outweighed any burden imposed on respondents to release petitioner from unlawful custody, the court granted petitioner's motion, directed petitioner's immediate release, and referred this matter to the undersigned. Id. at 8-9. Petitioner was released from immigration detention on January 17, 2026. ECF No. 13-1.

The court set a briefing schedule for the habeas petition. ECF No. 12. On May 18, 2026, respondents filed a motion to dismiss the petition as moot, arguing that no live case or controversy remains because petitioner is no longer in ICE custody. Id. at 2. In reply, petitioner argues this action is not moot, as the court's January 16, 2026 order granted only temporary

---

[2] Case No. 1:25-cv-1566 DAD AC, 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025).

[3] Because the court found petitioner's procedural due process claim warranted relief, the court declined to address petitioner's additional substantive due process claim. ECF No. 10 at 3, fn.3.

injunctive relief, and the court has yet to issue a final ruling on the legality of petitioner's detention. ECF No. 16 at 2. Petitioner contends that the merits of the habeas petition, and the question of whether petitioner's federal due process rights were violated by respondents, remains unresolved. Id. at 4. Petitioner also asks the court to continue to enjoin respondents from re-detaining him unless his re-detention is ordered at a custody hearing where the government bears the burden of providing by clear and convincing, evidence that petitioner is a flight risk or danger to the community. Id. at 5.

## II. Legal Standards

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

## III. Discussion

### A. The Habeas Petition is Not Moot

Respondents' motion to dismiss the habeas petition as moot (ECF No. 13) lacks merit and should be denied. Article III, Section 2 of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants. Deakins v. Monaghan, 484 U.S. 193, 199 (1988). The basic question in determining mootness is "whether there is a present controversy as to which effective relief can be granted." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 900 (9th Cir. 2007) (citation omitted). A case or controversy must exist throughout all stages of litigation. Spencer v. Kemna, 523 U.S. 1, 7 (1998). In the immigration habeas context, a petitioner's release from immigration detention pursuant to preliminary injunctive relief does not moot the petition because that relief is only temporary in nature. Nielsen v. Preap, 586 U.S. 392, 403 (2019). Here, as petitioner correctly points out, there has been no ruling on the merits of the habeas petition and the preliminary injunction granted by

Chief Judge Nunley was temporary in nature. ECF No. 16. A live controversy exists until the merits of petitioner's claims have been resolved.

B. Petitioner is Entitled to Relief on the Merits

For the same reasons set forth in Chief Judge Nunley's order granting petitioner's motion for preliminary injunction, the undersigned recommends that petitioner's § 2241 petition be granted based on the violation of Petitioner's Fifth Amendment right to procedural due process. ECF No. 1. Respondent sole argument in opposition to petitioner's motion for preliminary injunction was that DHS's policy change to mandatorily detain noncitizens like petitioner under 8 U.S.C. § 1225(b)(2), rather than section § 1226(a), was lawful. ECF No. 9 at 1. Chief Judge Nunley rejected this argument, observing that "[t]his Court has now ruled on this same issue dozens of times" and "courts nationwide have overwhelmingly rejected the Government's new legal position, finding DHS's detention policy unlawful." ECF No. 10 at 4 (citing Morales-Flores v. Lyons, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases). As respondents conceded they "have no additional legal argument nor new case law" to warrant reconsideration of the court's position, the court found that petitioner is not an applicant for admission subject to mandatory detention under § 1225(b)(2). Id.

Since the preliminary injunction issued, the Ninth Circuit has decisively resolved the debate over the statutory basis for noncitizens in petitioner's position. See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165, 1193 (9th Cir. 2026) (noncitizens present without admission who are apprehended in the interior of the United States are subject to discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A), and are entitled to a bond hearing). The undersigned therefore finds that petitioner's detention is governed by 8 U.S.C. § 1226(a), not § 1225(b)(2), as alleged by respondents.

Because petitioner has an established, protected liberty interest in the freedom from confinement that he gained after he was released from custody on his own recognizance in June 2024, and it is undisputed that he abided by the terms of his release and has no criminal history, his re-detention pursuant to § 1226(a) without a hearing before a neutral adjudicator where the government was required to justify his re-detention by clear and convincing evidence violates

procedural due process. The undersigned therefore adopts and incorporates the reasoning of Chief Judge Nunley's January 16, 2026 Order, including his analysis of the Mathews factors and his conclusion that release from confinement is the appropriate relief, as if separately set forth herein. ECF No. 10 at 6-10.

Accordingly, the undersigned recommends that the habeas petition (ECF No. 1) be granted on the claim that petitioner's Fifth Amendment right to procedural due process was violated.[4] The appropriate remedy for the due process violation includes permanently enjoining respondents from re-detaining petitioner absent notice and a pre-detention hearing before an immigration judge at which respondents will bear the burden of demonstrating a change in circumstances that justifies such detention. Ramirez Godinez v. Warden of the California City Detention Facility, No. 1:26-cv-5584 DC AC, 2026 WL 2455251, at *5 (E.D. Cal. Aug. 21, 2026), report and recommendations adopted, 2026 WL 2494928 (E.D. Cal. Aug. 25, 2026) (recommending a permanent injunction based on a finding that respondents violated the noncitizen's due process rights in detaining him and collecting cases).

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' motion to dismiss (ECF No. 13) be DENIED.
2. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED on the Fifth Amendment procedural due process claim.
3. The court DECLARE that petitioner's re-detention violated petitioner's rights under the Fifth Amendment Due Process Clause.
4. The court order permanent injunctive relief as follows:
    a. Petitioner HARMANPREET S. shall REMAIN OUT OF CUSTODY under the same conditions to which he was subject prior to his current detention. Respondents shall not impose any additional restrictions on him, unless such

[4] Because the undersigned finds that petitioner is entitled to habeas relief on his procedural due process claim, it is unnecessary to consider his alternative arguments seeking the same relief.

restrictions are determined to be necessary at a future pre-deprivation/custody hearing.

b. Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. At any such hearing, Petitioner shall be allowed to have counsel present.

5. The court DISMISS WITHOUT PREJUDICE the remaining claims in the habeas petition in the interest of judicial economy since the requested relief has been granted.
6. Petitioner's request for attorney's fees and costs be DENIED WITHOUT PREJUDICE to bringing a properly noticed and supported motion.
7. All other pending motions, if any, be DENIED as MOOT.
8. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are a

////

////

////

that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 2, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE