UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARMANPREET S.,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-00271-TLN-AC<br><br>**ORDER** |

Petitioner, a former federal immigration detainee proceeding through counsel, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 while he was detained by the Department of Homeland Security and U.S. Immigration and Customs Enforcement. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 2, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (ECF No. 18.) On October 4, 2026, Respondents filed objections to the findings and recommendations "for the reasons stated in its prior pleadings." (ECF No. 19.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the

Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations (ECF No. 18) are ADOPTED in full.

2. Respondents' Motion to Dismiss (ECF No. 13) is DENIED.

3. Petitioner's re-detention violated Petitioner's rights under the Fifth Amendment Due Process Clause, thus, the Petition for a Writ of Habeas Corpus (ECF No. 1) is GRANTED on the Fifth Amendment procedural due process claim.[1]

4. Respondents shall not impose any additional restrictions on Petitioner's release from custody, unless such restrictions are determined to be necessary at a future pre-deprivation custody hearing. Respondents are ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. See *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present.

5. The Clerk of Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

DATE: October 5, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

[1] The remaining claims in the Petition are dismissed without prejudice in the interest of judicial economy since the requested relief has been granted. Petitioner's request for attorney's fees and costs is denied without prejudice to bringing a properly noticed and supported motion.